UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DOROTHY HEBERT | * | CIVIL ACTION NO.:  2:17-cv-03529 |
| | * | |
| VERSUS | * | JUDGE:  MARTIN L.C. FELDMAN |
| | * | |
| WING SALE, INC. | * | MAGISTRATE JUDGE: |
| | * | MICHAEL B. NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## THIRD PARTY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes third party plaintiff and defendant, Wing Sale, Inc. ("Wing Sale"), who for its Third Party Demand avers as follows:

1.

This Third Party Demand is within the meaning of Rule 14 of the Federal Rules of Civil Procedure.  Made third party defendants herein are Xuzhou Aliter Products Co., Ltd., Shanico Enterprise Corporation, and NSL Group USA, Inc.

2.

Wing Sale is a New Jersey corporation with its principal place of business in the State of New Jersey.

3.

Xuzhou Aliter Products Co., Ltd. ("Xuzhou Aliter"), upon information and belief, is a Chinese entity with its principal place of business in China and doing business internationally and throughout the United States, including the State of Louisiana.

#2539431

4.

Shanico Enterprise Corporation ("Shanico") is a California corporation with its principal place of business in California and, upon information and belief, doing business throughout the United States, including the State of Louisiana.

5.

NSL Group USA, Inc. ("NSL") is a California corporation with its principal place of business in California and, upon information and belief, doing business throughout the United States, including the State of Louisiana.

**Jurisdiction**

6.

This Court has subject matter jurisdiction over the plaintiff's complaint and the third party demand pursuant to 28 USC § 1332.

**Venue**

7.

This is a proper venue under 28 USC § 1391 because this is the judicial district in which a substantial part of the events giving rise to this action occurred.

**Background**

8.

On April 19, 2017, Dorothy Hebert ("Hebert") filed suit against Wing Sale, the alleged manufacturer and distributor of a disposable cigarette lighter, seeking to recover damages arising out of October 10, 2016, incident in which the lighter allegedly "exploded," causing burns to Hebert's upper body. Specifically, Hebert alleged the

subject lighter was defective in design, manufacture, and due to inadequate warnings pursuant to the Louisiana Product Liability Act, LSA – R.S. 9.2800.51 et. seq.

9.

Wing Sale answered the lawsuit and denied the allegations asserted by Hebert.

10.

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Wing Sale avers that in the event it is found liable to plaintiff, then Xuzhou Aliter, Shanico, and NSL, as the actual manufacturer and distributor of the lighter, are liable to Wing Sale for all or part of any judgment that may be rendered against Wing Sale.

11.

The subject lighter was not designed or manufactured by Wing Sale.

12.

Upon information and belief, the subject lighter was designed, manufactured and distributed by Xuzhou Aliter, a Chinese entity.  Following its manufacture by Xuzhou Aliter, Shanico, and/or NSL, the subject lighter was sold to Wing Sale, as part of a bulk sale, and/or imported into the United States by Shanico and/or NSL.

13.

In order to import the subject lighter into the United States, Shanico and/or NSL, upon information and belief, were required to perform testing on the subject lighter and file a certification with the Consumer Products Safety Commission ("CPSC") indicating the subject lighter conformed with all applicable safety standards.

14.

Following its purchase of the subject lighter, Wing Sale sold the lighters to retailers throughout the United States.

15.

As all of the lighters manufactured by one or more of the third party defendants, including the lighter at issue, are intended to be sold worldwide, including to distributors in the United States, who would then sell the lighter throughout the United States, it is expected and foreseeable that the subject lighter would ultimately be used by a consumer in the State of Louisiana.

16.

As a result, Xuzhou Aliter, Shanico, and NSL, knew, or should have known, their acts would have consequences within the United States and, in particular, the State of Louisiana.

17.

Upon information and belief, Xuzhou Aliter, Shanico, and NSL purposely availed itself of the markets in the United States and, in particular, the State of Louisiana, and placed its lighters, including the lighter at issue, into the stream-of-commerce and derived substantial revenue from interstate commerce within the United States and, in particular, the State of Louisiana.

18.

Xuzhou Aliter, Shanico, and NSL delivered the instant lighter into the stream-of-commerce with the expectation that it would be purchased and/or used by consumers in the State of Louisiana. Accordingly, Xuzhou Aliter, Shanico, and NSL's conduct and

connection with Louisiana are such that they could reasonably anticipate being haled into court in Louisiana.

19.

As alleged by Hebert, on October 10, 2016, she was using a disposable cigarette lighter manufactured and distributed by Wing Sale and the lighter "exploded causing a large flame to erupt from the side of the lighter setting her shirt on fire." Wing Sale has denied all liability. Nonetheless, if the allegations by Hebert are accepted, which is denied by Wing Sale, Xuzhou Aliter, Shanico, and NSL are responsible for any alleged defect in the design, construction, composition, manufacture, warning and/or representations of and for the subject lighter.

## COUNT 1: Louisiana Product Liability Act

20.

Upon information and belief, Xuzhou Aliter, Shanico, and NSL designed, manufactured, prepared warnings, tested, sold, imported and certified with the CSPC, the lighter at issue. When Xuzhou Aliter, Shanico, and NSL placed the lighter in question, which they designed, manufactured, prepared warnings, tested, sold, imported, and certified with the CPSC, into the stream-of-commerce for sale, they became responsible for any alleged defective and unreasonably dangerous condition as set forth in the Louisiana Products Liability Act, including the following ways:

    a.    Unreasonably dangerous in construction or composition;

    b.    Unreasonably dangerous in design;

    c.    Unreasonably dangerous because an adequate warning about the product was not provided;

      d.    Unreasonably dangerous because it does not conform to an express warranty.

21.

As a direct and proximate result of any alleged unreasonably dangerous condition, the third party defendants, Xuzhou Aliter, Shanico, and NSL, are responsible to plaintiff, Hebert, for any alleged injury and damages.

**COUNT II: Negligence**

22.

Third party plaintiff, Wing Sale, incorporates all paragraphs 1 through 21 above.

23.

Shanico and NSL have a duty to exercise reasonable care in importing cigarette lighters, including the subject lighter, and to test the lighters to ensure they conform to all safety standards promulgated by the Consumer Products Safety Commission.

24.

As a direct and proximate result of the alleged negligence of Shanico and NSL, third party defendants are responsible to plaintiff, Dorothy Hebert, for any alleged injury and damages.

25.

Wing Sale prays for a trial by jury.

**WHEREFORE**, Wing Sale, Inc. hereby demands judgment for damages in being required to defend the action filed against it by Dorothy Hebert, for any damages it may be required to pay due to the alleged defects in the subject lighter, and for other damages suffered by Wing Sale, Inc. as a result of any defect in the lighter. Wing Sale, Inc. further prays for a trial by jury and all equitable and just relief.

Respectfully Submitted,

**BLUE WILLIAMS, L.L.P.**

/s/ PAUL D. PALERMO
**PAUL D. PALERMO, #19725**
**CRAIG V. SWEENEY #23954**
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002-3760
Telephone:  (504) 831-4091
Facsimile:  (504) 837-1182
Attorneys for third party plaintiff and
defendant, Wing Sale, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by filing the same on this 6th day of October 2017 using the Court's electronic CM/ECF system, which will send notice of said filing to all attorneys of record.

/s/ PAUL D. PALERMO
Paul D. Palermo