UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DOROTHY HEBERT | * | CIVIL ACTION NO.: 2:17-cv-03529 |
| | * | |
| VERSUS | * | JUDGE: MARTIN L.C. FELDMAN |
| | * | |
| WING SALE, INC. | * | MAGISTRATE JUDGE: |
| | * | MICHAEL B. NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RESTATED AND AMENDED THIRD PARTY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes third party plaintiff and defendant, Wing Sale, Inc. ("Wing Sale"), who for its Restated and Amended Third Party Demand avers as follows:

1.

Made third party defendants herein are Shanico Enterprise Corporation and NSL Group USA, Inc.

2.

Wing Sale is a New Jersey corporation with its principal place of business in the State of New Jersey.

3.

Xuzhou Aliter Products Co., Ltd. ("Xuzhou Aliter"), upon information and belief, is a Chinese entity with its principal place of business in China and doing business internationally and throughout the United States, including the State of Louisiana.

#2539431

4.

Shanico Enterprise Corporation ("Shanico") is a California corporation with its principal place of business in California and, upon information and belief, doing business throughout the United States, including the State of Louisiana.

5.

NSL Group USA, Inc. ("NSL") is a California corporation with its principal place of business in California and, upon information and belief, doing business throughout the United States, including the State of Louisiana.

**Jurisdiction**

6.

This Court has subject matter jurisdiction over the plaintiff's complaint and the restated and amended third party demand pursuant to 28 USC § 1332.

**Venue**

7.

This is a proper venue under 28 USC § 1391 because this is the judicial district in which a substantial part of the events giving rise to this action occurred.

**Background**

8.

On April 19, 2017, Dorothy Hebert ("Hebert") filed suit against Wing Sale, the alleged manufacturer and distributor of a disposable cigarette lighter, seeking to recover damages arising out of October 10, 2016, incident in which the lighter allegedly "exploded," causing burns to Hebert's upper body. Specifically, Hebert alleged the subject lighter was defective in design, manufacture, and due to inadequate warnings,

and breach of expressed and implied warranties that the lighter was fit for its intended use pursuant to the Louisiana Products Liability Act, LSA – R.S. 9.2800.51 et. seq.

9.

Wing Sale answered the lawsuit and denied the allegations asserted by Hebert.

10.

Wing Sale was not in any way involved in the design, manufacture, or preparation of the warnings for the subject lighter.  Rather, Wing Sale only purchased and then resold the subject lighter.  Accordingly, any liability on the part of Wing Sale, which is denied, can only be based on the act of labeling the lighter as a Wing Sale lighter.  As result, any such liability, which is denied, can only be passive.

11.

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Wing Sale avers that in the event it is found liable to plaintiff, then Shanico and NSL, upon information and belief, as the entities involved and/or participating in the design, manufacture, testing, importing, and distributing of the lighter, are liable to Wing Sale for all or part of any judgment that may be rendered against Wing Sale.  Any liability on the part of Wing Sale as the intermediary seller of the lighter, which is denied, is passive.  Further, Wing Sale avers that Shanico and NSL are liable to Wing Sale for damages for breach of their contractual and legal duties owed to Wing Sale under Louisiana law as set forth below.

12.

Upon information and belief, Xuzhou Aliter, Shanico, and NSL, were involved and/or participated in the design, manufacture, testing, importing, and/or distributing of

3

#2539431

the lighter, and Shanico and/or NSL imported and sold the subject lighter to Wing Sale, as part of a bulk sale.

13.

In order to import the subject lighter into the United States, Shanico and/or NSL, upon information and belief, undertook the obligation to perform testing on the subject lighter, as required by law, and file a certification with the United States Consumer Products Safety Commission ("CPSC") indicating the subject lighter conformed with all applicable safety standards.

14.

Following its purchase of the subject lighter, Wing Sale sold the lighters throughout the United States.

15.

Xuzhou Aliter, Shanico, and/or NSL were all involved in the design, manufacture, testing, importing, distributing and certification to the CPSC with regarding to the subject lighter. The lighters, including the lighter at issue, were intended to be sold worldwide, including to distributors in the United States, who would then sell the lighter throughout the United States, and it was therefore expected and foreseeable that the subject lighter would ultimately be used by a consumer in the State of Louisiana.

16.

As a result, Shanico and NSL, knew, or should have known, their acts would have consequences within the United States and, in particular, the State of Louisiana.

4

#2539431

17.

Upon information and belief, Shanico and NSL purposely availed itself of the markets in the United States and, in particular, the State of Louisiana, and placed its lighters, including the lighter at issue, into the stream-of-commerce and derived substantial revenue from interstate commerce within the United States and, in particular, the State of Louisiana.

18.

Shanico and NSL delivered the instant lighter into the stream-of-commerce with the expectation that it would be purchased and/or used by consumers in the State of Louisiana.  Accordingly, Shanico and NSL's conduct and connection with Louisiana are such that they could reasonably anticipate being haled into court in Louisiana.

19.

As alleged by Hebert, on October 10, 2016, she was using a disposable cigarette lighter manufactured and distributed by Wing Sale and the lighter "exploded causing a large flame to erupt from the side of the lighter setting her shirt on fire."  Wing Sale has denied all liability in this matter.  Nonetheless, if the allegations by Hebert are accepted, which is denied by Wing Sale, Shanico and NSL are responsible for any alleged defect in the design, construction, composition, manufacture, warning and/or representations of and for the subject lighter's intended use.  Further, Shanico and NSL are liable to Wing Sale for damages for breach of their contractual and legal duties owed to Wing Sale under Louisiana law as set forth below.

#2539431

## COUNT I - Louisiana Products Liability Act

20.

Xuzhou Aliter, Shanico, and/or NSL were all involved in the design, manufacturing, testing, importing, distributing, and certification to the CPSC with regard to the subject lighter.  When Xuzhou Aliter, Shanico, and NSL placed the lighter in question, which they designed, manufactured, prepared warnings, tested, sold, imported, and certified with the CPSC, into the stream-of-commerce for sale, they became responsible for any alleged defective and unreasonably dangerous condition of the lighter as set forth in the Louisiana Products Liability Act, including any defects due to the lighter being:

   a.  Unreasonably dangerous in construction or composition;

   b.  Unreasonably dangerous in design;

   c.  Unreasonably dangerous because an adequate warning about the product was not provided; and/or

   d.  Unreasonably dangerous because it does not conform to an express warranty.

21.

As a direct and proximate result of any alleged unreasonably dangerous condition, which is denied, third party plaintiff is entitled to indemnity from third party defendants or, alternatively, the third party defendants, Shanico and NSL, are responsible to plaintiff, Hebert, for any alleged injury and damages.

## COUNT II - Negligence

22.

Third party plaintiff, Wing Sale, alleges and incorporates all paragraphs 1 through 19 above.

23.

Shanico and NSL have a duty to exercise reasonable care in importing cigarette lighters, including the subject lighter, and to test the lighters to ensure they conform to all applicable safety standards, including, but not limited to, those safety standards promulgated by the CPSC.

24.

As a direct and proximate result of the defective condition of the lighter, which is denied, third party plaintiff is entitled to indemnity from third party defendants or, alternatively, the third party defendants, Shanico and NSL, are responsible to plaintiff, Hebert, for any alleged injury and damages.

## Count III - Redhibition

25.

Third party plaintiff, Wing Sale, alleges and incorporates all paragraphs 1 through 19 above.

26.

Plaintiff, Hebert, has alleged that the subject lighter contained defects that rendered the lighter totally useless for its intended use purpose or, upon information and belief, rendered the lighter so inconvenient that had plaintiff known of the vices and defects, she would not have used the lighter.

#2539431

27.

To the extent that the lighter contains redhibitory vices or defects, which is denied, then in that situation the defects were non-apparent and existed at the time of Shanico and/or NSL's sale and delivery of the lighter to Wing Sale.

28.

To the extent that lighter contained redhibitory vices or defects, which is denied, Shanico and/or NSL, as sellers of the subject lighter, should have known and/or are deemed by law to have known, of the vices and defects in the lighter and failure to make the defects known to Hebert or Wing Sale.

29.

If it is determined that there was a redhibitory defect in the lighter, which is denied, then under Louisiana redhibition law, the sellers of the subject lighter, Shanico and/or NSL, would be liable to Wing Sale for all cost and damages incurred in this matter including any judgment, defense cost, or attorney fees.

**COUNT IV – Detrimental Reliance**

30.

Third party plaintiff, Wing Sale, alleges and incorporates all paragraphs 1 through 19 above.

31.

Shanico and/or NSL provided advice, statements, representations, and warranties to Wing Sale that the lighters purchased by Wing Sale complied with all applicable safety standards and testing requirements, upon information and belief, were

8

#2539431

free from defects and that they were merchantable and fit for their intended purposes and ordinary use.

32.

To the extent that Hebert establishes that the lighter did not comply with all applicable safety standards and testing requirements and were not free from defects, which is denied, Wing Sale relied on the advice, statements, representations and warranties made by Shanico and/or NSL to its detriment when ordering and purchasing the lighter.

33.

Wing Sale has been damaged as a result of Shanico and/or NSL's advice, statements, representations, and warranties to Wing Sale and Wing Sale is therefore entitled to recover expenses incurred or damages suffered as a result of Shanico and/or NSL's advice, statements, representations, and warranties to Wing Sale.

## **Count V - Breach of Warranties**

34.

Third party plaintiff, Wing Sale, alleges and incorporates all paragraphs 1 through 19 above.

35.

Shanico and/or NSL provided expressed and implied warranties to Wing Sale that the lighters purchased by Wing Sale complied with all applicable safety standards and, upon information and belief, were free from defects and that they were merchantable and fit for their intended purposes and ordinary use.

9

36.

To the extent that Hebert establishes that the lighter contained a defect, which is denied, Shanico and NSL breached their agreement with Wing Sale and the warranties of intended or ordinary use.

37.

Wing Sale has been damaged as a result of Shanico and/or NSL's breach of their expressed and implied warranties and Wing Sale is therefore entitled to recover expenses incurred or damages suffered as a result of Shanico and/or NSL's advice, statements, representations, and warranties to Wing Sale.

## Count VII – Breach of Contract

38.

Shanico and/or NSL agreed to provide Wing Sale with lighters that were in good and working order and complied with all applicable safety standards and, upon information and belief, were free from defects and that they were merchantable and fit for their intended purposes and ordinary use.

39.

To the extent that Hebert establishes that the lighter contained a defect, which is denied, Shanico and NSL breached their agreement with Wing Sale to provide Wing Sale with lighters that were in good and working order and complied with all applicable safety standards.

40.

To the extent that Hebert establishes that the lighter contained a defect, Wing Sale has been damaged as a result of Shanico and/or NSL's breach of their contract to

#2539431

provide Wing Sale with lighters that were in good and working order and complied with all applicable safety standards and Wing Sale is therefore entitled to recover expenses incurred or damages suffered as a result of Shanico and/or NSL's advice, statements, representations, and warranties to Wing Sale.

41.

Wing Sale prays for a trial by jury.

**WHEREFORE**, Wing Sale, Inc. hereby demands judgment for damages in being required to defend the action filed against it by Dorothy Hebert, for any damages it may be required to pay due to the alleged defects in the subject lighter, and for other damages suffered by Wing Sale, Inc. as a result of any defect in the lighter. Wing Sale, Inc. further prays for a trial by jury and all equitable and just relief.

Respectfully Submitted,

**BLUE WILLIAMS, L.L.P.**

*/s/ Paul D. Palermo*_____
**PAUL D. PALERMO, #19725**
**CRAIG V. SWEENEY #23954**
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002-3760
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
Attorneys for third party plaintiff and defendant, Wing Sale, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by filing the same on this 10th day of July 2018 using the Court's electronic CM/ECF system, which will send notice of said filing to all attorneys of record.

*/s/ Paul D. Palermo*_____
PAUL D. PALERMO

11

#2539431